**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATIANA Y. MIROSHNIK; et al., | No. 06-70816 |
| Petitioners, | Agency Nos. A076-362-010 |
| | A077-378-913 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before: 	BEEZER, TROTT, and BYBEE, Circuit Judges.

Tatiana Y. Miroshnik and her son, natives and citizens of Russia, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their applications for

---

[*] 	This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] 	The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

JT/Research

cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(2) ("Special rule for battered spouse or child").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review de novo questions of law and claims of due process violations. *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005).  We deny the petition for review.

Petitioners' due process claim fails because the IJ did not demonstrate bias, considered the record evidence, and properly concluded that petitioners failed to establish that they were "battered or subjected to extreme cruelty." *See* 8 U.S.C. § 1229b(b)(2)(A)(i)(I); *cf. Lopez-Umanzor*, 405 F.3d at 1058-59 (IJ, who displayed overt skepticism regarding domestic violence, violated due process in refusing to hear relevant expert testimony).

The IJ was not required to consider petitioners' evidence of hardship because their failure to establish that they were "battered or subjected to extreme cruelty" was dispositive.  *See* 8 U.S.C. § 1229b(b)(2)(A)(i); *see also Lopez-Umanzor*, 405 F.3d at 1053 (an alien who fails to establish each of the criteria set forth in the statute is not eligible for cancellation of removal).

Petitioners' contention that the agency failed to consider allegations of both battery and extreme cruelty is not support by the record.

**PETITION FOR REVIEW DENIED.**